**In re The DUPLAN CORPORATION, Duplan Fabrics, Inc., Debtors.**

**Goldman, Sachs & Co., Firmanco Associates, First Manhattan Co., Daniel Rosenbloom, Panex Industries Inc. Stockholders Liquidating Trust, Andreas Gal and Paul Lazare, Appellants,**

**v.**

**Texaco, Inc., Texaco Caribbean, Inc., Esso Virgin Islands, Inc., and Esso Standard Oil Co. (Puerto Rico), Appellees.**

Nos. 97 Civ. 5500(LMM), 97 Civ. 5510(LMM), 97 Civ. 5511(LMM).

United States District Court, S.D. New York.

Jan. 28, 1999.

Stroock & Stroock & Lavan, New York City by Brian M. Cogan and Kristopher M. Hansen, for Goldman Sachs and Company.

Tofel, Berelson, Saxl & Partners, P.C., New York City by Lawrence E. Tofel and Mark Lopeman, for Paul Lazare, Andreas Gal and Panex Trust.

McCarter & English, Newark, NJ by Gita F. Rothschild for First Manhattan, Firmanco & Dan Rosenbloom.

Weil, Gotshal & Manges, L.L.P., New York City by Martin J. Bienenstock for Texaco, Inc.

Archer & Greiner, P.C., Haddonfield, NJ by Robert T. Lehman and Arthur H. Jones, Harriton & Mignano, L.L.P., Tarrytown, NY by Keith S. Harriton for Esso.

## 610

### MEMORANDUM AND ORDER

McKENNA, District Judge.

**1.**

Goldman, Sachs & Co. ("Goldman"), First Manhattan Co., Firmanco Associates, Daniel Rosenbloom, Panex Industries Inc. Stockholders' Liquidating Trust, Andreas Gal and Paul Lazare appeal from an order of the United States Bankruptcy Court for the Southern District of New York (Blackshear, B.J.) dated June 18, 1997 (Joint Appendix at 39–41), which denied a motion by Goldman (in which the other appellants joined) for an order enforcing a permanent injunction in the final decree in the above debtors' bankruptcy case thereby enjoining and restraining Esso Virgin Islands, Inc., Esso Standard Oil Co. (P.R.), Texaco, Inc., Texaco Caribbean, Inc. and Vernon Morgan from proceeding with claims against Goldman in an action pending in the United States District Court for the District of the Virgin Islands entitled *In re Tutu Water Wells CERCLA Litigation* (Civ. No. 1989–107–1227). The extensive factual background of this case as well as Judge Blackshear's reasons for the denial of the order sought by appellants are set forth in his published Revised Memorandum Decision on Enforcement of Permanent Injunction in Final Decree, *In re Duplan Corp.,* 209 B.R. 324 (Bankr.S.D.N.Y.1997) (*see also* Joint Appendix at 20–38), familiarity with which is assumed. By stipulation so ordered on August 12, 1997, the appeals of all appellants were consolidated.

**2.**

Judge Blackshear held that "the CERCLA claims," 209 B.R. at 333—defined as appellants' "third-party claims for contribution under CERCLA against the Panex Trust, the Panex Trustees, Gal, Firmanco, represented by Daniel Rosenbloom of First Manhattan, and Goldman, as major shareholders of Panex and the distributees of assets of Panex," *id.* at 327—"fall outside the protection of the Permanent Injunction and Discharge provisions of the Final Decree." *Id.* at 333.

The order appealed from is affirmed for substantially the reasons set forth in Judge Blackshear's decision.

**3.**

As appellant Goldman correctly points out, "as the Court below properly recognized, pursuant to Chapter X and the language of the plan, the only issue is when environmental claims against the Debtor, resulting from its subsidiaries' alleged pre-petition and pre-confirmation discharge of pollutants, 'arose' for purposes of Chapter X." (Goldman Br. at 20 (citing *In re Duplan Corp.,* 209 B.R. at 331)).[1] As to that issue, appellants argue that "[t]he basis for the Bankruptcy Court's determination to rely on the date of [the] ... enactment [of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA")] as the *sine qua non* of the case was Chateaugay II [*i.e., In re Chateaugay Corp.,* 53 F.3d 478 (2d Cir.), *cert. denied sub nom., LTV Steel Co. v. Shalala,* 516 U.S. 913, 116 S.Ct. 298, 133 L.Ed.2d 204 (1995)]. In doing so, it gave an overly broad reading to a case, not even involving environmental law, that is both legally and factually distinguishable from the present one." (Goldman Br. at 24.)

This Court concludes that Judge Blackshear correctly read *Chateaugay II.* In that case, the claims in question were brought under the Coal Act, 26 U.S.C. §§ 9701–9722, which became effective on February 1, 1993. *Chateaugay II,* 53 F.3d at 486. The debtor had filed for Chapter XI protection in 1986. *Id.* at 484. The court concluded that " '[W]here there is no legal relationship defined at the time of petition,' that is, where the statute imposing the liability has not been enacted, 'it would be impossible to find even the remotest "right to payment." ' " *Id.* at 497 (quoting district court below, 154 B.R. at 419). Yet a "right to payment," as the court pointed out, is necessary to a bankruptcy claim.

There is nothing in *Chateaugay II* that indicates that its principle should not be applied in the environmental context. In its

---

**1.** The other appellants join in Goldman's arguments. *See* Brief of First Manhattan Co., *et al.,* at 2; Brief of Andreas Gal, *et al.,* at 3–4.

opinion, the *Chateaugay II* court was plainly aware of *In re Chateaugay Corp.*, 944 F.2d 997 (2d Cir.1991) ("*Chateaugay I*"), since it cited that case. *Chateaugay II*, 53 F.3d at 496. And the *Chateaugay II* court relied, in part, on *Matter of Penn Central Transp. Co.*, 944 F.2d 164 (3d Cir.1991), *cert. denied*, 503 U.S. 906, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992), itself a case involving CERCLA.

4.

[redacted] Appellants urge that a number of equitable considerations and the purpose of the Bankruptcy Code—"that the debtor receives a 'fresh start' upon its emergence from bankruptcy, and thus, that creditors can take an interest in the reorganized company free and clear of the consequences of the debtor's pre-bankruptcy conduct" (Goldman Br. at 4–5)—suggest reversal. While the Court is not unsympathetic to such arguments, they cannot override the provisions of the Bankruptcy Code as applied by the Second Circuit in Chateaugay II or by Judge Blackshear (correctly, in this Court's view). *See Chateaugay I*, 944 F.2d at 1002.

5.

Appellants also urge that they do not come within the classes of persons who may be found liable under CERCLA. (*See* Goldman Br. at 37–39.) That issue, however, was not one for the Bankruptcy Court to determine on the motion below. The issue before the Bankruptcy Court was, rather, the effect of the permanent injunction on appellees' environmental claims. It is for the court before which such a claim is pending to determine the applicability of CERCLA.

6.

The Court has considered all of appellants' other arguments for reversal and does not find them persuasive.

7.

The order appealed from is affirmed.[2]

SO ORDERED.

[redacted]

2. The above appeals (97 Civ. 5500; 97 Civ. 5510; and 97 Civ. 5511) having been determined, the Clerk is directed to close the three identified cases.